IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EUGENE SMITH,
SHAMEKA BROOKS,
    Plaintiffs,

vs.                                    3:09cv271/LAC/MD

REGINALD BRUSTER, et al. ,
    Defendants.

## REPORT AND RECOMMENDATION

    The pro se plaintiffs Eugene Smith, who is incarcerated, and Shameka Brooks, who is not, initiated this cause through the filing of a civil complaint pursuant to 42 U.S.C. § 1983 on June 22, 2009. (Doc. 1). They filed an amended complaint (doc. 8), and paid the filing fee after their motions to proceed *in forma pauperis* were denied. (Doc. 13 & 14). Summonses were issued and forwarded to plaintiff Eugene Smith (doc. 21), the defendants were served and moved to dismiss the complaint. (Doc. 25). Plaintiffs were directed to respond on December 29, 2009. (Doc. 26). Two submissions were returned because they did not bear the original signatures of each plaintiff (see doc. 29 & 32). A response bearing two signatures was finally docketed on February 10, 2010. (Doc. 35).

    Review of the file called into question the authenticity of the signature of plaintiff Shameka Brooks on several pleadings. (Compare doc. 1, 8, 10, 22, 27, 35). Fed. R.Civ.P. 11 requires that each unrepresented party personally sign every pleading, motion or other paper filed with the court, a requirement of which plaintiffs have been made aware. (See doc. 29 & 32, returning deficient documents that did not bear the original signature of each unrepresented plaintiff). The parties were advised that forgery of another individual's signature on court pleadings for any reason is a very serious matter that will not be ignored

by the court. Plaintiff Brooks was directed to submit a notarized "Notice to the Court" in which she indicates her intentions with respect to this case, and offers an explanation as to why pleadings have been submitted in her name with what are clearly vastly different signatures.

The parties were warned that if the court determines that plaintiff Smith was unilaterally responsible for the filing of pleadings falsely purporting to bear the signature of plaintiff Brooks unbeknownst to her, a recommendation for the imposition of additional sanctions, up to and including the dismissal of this case without prejudice may follow.

Plaintiff Brooks has now filed a Notice to the Courts in which she states as follows:

> I, Shameka Brooks, would like to inform the courts that I am aware of pleadings in question regarding A declaration that my rights under u.s. constitution 4th amendment and 14th amendment were violated associated with case # 3:09cv271/LA/MD (sic). As far as the signature appearing to be different I can recall on several occasions where I had to sign and return documents in this case involving Reginald Bruster, et al., defendants and Eugene Smith and I. As far as I know there has not been any forgery of another individual on my behalf.

(Doc. 37). A cursory review of the pleadings purporting to bear Ms. Brooks' signature suggests that she actually signed documents 8, 10, 11 and her notarized notice to the courts. This court has no doubt that documents 1, 22, 27 and 35 were not executed by Ms. Brooks. In light of the representation in her affidavit, the court must conclude that despite her knowing participation in this litigation, the signing of the aforementioned documents this was done without her knowledge and acquiescence.

Forgery of another individual's name on a legal document is a very serious matter, regardless of whether that individual is in agreement with the contents or ultimate purpose of the document. It is contrary to the spirit and the letter of the Federal Rules of Civil Procedure and will not be tolerated. While the court will shop short of holding Mr. Smith solely responsible, as Ms. Brooks' statement does not indicate whether she did or did not take an oath with respect to its contents, sanctions are warranted. As the court is well aware, prisoner cases are routinely dismissed without prejudice for false statements on their complaint forms regarding prior litigation. It appears that this would be an appropriate

sanction in this case as well. In addition, this court would recommend that should plaintiffs, either jointly or individually, chose to initiate a similar action, that they be precluded from proceeding *in forma pauperis* in that case as well. The court does not recommend that any criminal sanctions be pursued at this time.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice due to plaintiffs' submission of documents bearing falsified signatures to the court;

That all pending motions be denied as moot; and

That if plaintiffs chose to initiate another case based upon the same or similar facts/ issues, whether jointly or individually, that they be precluded from proceeding *in forma pauperis* in such case.

At Pensacola, Florida this 3rd day of March, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE